IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER CANTU, as the Administrator of the Estate of Robert Earl Lawrence, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL CASE No. 1:16-cv-1003-ECM ) |
| ADRIANNE WOODRUFF, | ) ) |
| Defendant. | ) |

## ORDER APPROVING SETTLEMENT AND DISMISSING ALL CLAIMS WITH PREJUDICE

This matter comes before the Court on the parties' Joint Motion for Order to Approve Settlement. (Doc. 102). The Court has been informed the parties have reached an amicable settlement of all claims. Because some of the heirs of the Estate of Robert Earl Lawrence are minors, however, the parties requested the Court to determine whether the settlement is just, fair, and conservative of the minors' interests.

The Court appointed Dothan attorney J. Farrest Taylor to serve as guardian ad litem for minors J.L. and N.L..[1] The Court appointed Dothan attorney Robert I. Hinson to serve as guardian ad litem for minor Z.L. Mr. Taylor and Mr. Hinson have each filed a report recommending that the Court approve the settlement. (Docs. 109 & 110.)

---

[1] Pursuant to the E-Government Act of 2002, as amended on August 2, 2002, and M.D. Ala. General Order No. 2:04mc3228, the Court has redacted the minor children's names and refers to them only by their initials.

1

On November 9, 2021, the Court held a hearing regarding the proposed settlement. The Court received testimony from Mr. Cantu, and heard from Mr. Taylor, and Mr. Hinson and the attorneys for the parties. The Court has also reviewed the evidentiary matters in the record.

Based on the evidence in the record, the Court makes the following **FINDINGS OF FACT and CONCLUSIONS OF LAW**:

1. This case arises out of the death of Robert Lawrence at the Dothan Animal Shelter located in Houston County, Alabama, on December 30, 2014. Mr. Lawrence died after Defendant Woodruff used deadly force against him during an arrest attempt.

2. Christopher Cantu, in his capacity as the administrator of Mr. Lawrence's estate, filed a lawsuit asserting claims under 42 U.S.C. § 1983 and Alabama's Wrongful Death Act. The lawsuit named as defendants Adrianne Woodruff, Greg Benton, Chris Summerlin, and the City of Dothan. All claims except the Fourth Amendment excessive force and state law wrongful death claims against Defendant Woodruff in her individual capacity were previously dismissed with prejudice. In the absence of a settlement, the remaining claims against Defendant Woodruff would proceed to trial.

3. The administrator has authority to bring this action pursuant to Alabama Code § 6-5-410(a). Under state law, proceeds from a wrongful death action are to be "distributed according to the statute of distributions." Ala. Code § 6-5-410(c).

4. At the time of his death, Mr. Lawrence was married to Crystal Lawrence and had three minor children, J.L., N.L., and Z.L. (collectively, "the minor children"). Crystal Lawrence is the mother of Z.L. while J.L. and N.L. have a different mother.

5. As the surviving spouse and only issue of Mr. Lawrence, Crystal Lawrence and the minor children are the only heirs entitled to receive the proceeds of the settlement.

6. Because Crystal Lawrence is the surviving spouse and there are surviving issue one or more of whom are not the issue of Crystal Lawrence, Crystal Lawrence is entitled to one-half of the net settlement proceeds pursuant to the statute of distributions. Ala. Code § 43-8-41(4). The minor children are entitled to an equal share of the remaining one-half of the net settlement proceeds pursuant to the statute of distributions. Ala. Code § 43-8-42(1).

7. After the shooting but before his death, Mr. Lawrence received medical treatment from several providers. In a beneficiary conditional payment letter to Plaintiff dated April 1, 2021, Medicare identified $37,051.05 in conditional payments that it believes are associated with this case. Medicare has advised Plaintiff that this is not a final amount and that it will provide Plaintiff a demand/recovery calculation letter once Plaintiff submits a final settlement detail document to Medicare. Therefore, the Court is currently unable to determine the amount of the settlement proceeds, if any, to which Medicare is entitled.

8. Notwithstanding the highly contested issues, as to both liability and damages, the parties have reached an amicable settlement of all claims, subject to this Court's approval. Specifically, the Court has been advised that the terms and conditions of the proposed settlement are as follows:

   A. In exchange for Plaintiff's dismissal of this action with prejudice and release of all claims against Adrianne Woodruff, Greg Benton, Chris Summerlin, Alan Rhodes, the City of Dothan, and all other present

       and former employees of the City of Dothan, the Alabama Municipal Insurance Corporation and the City of Dothan shall jointly pay the total sum of $1,250.000.00 as directed by the Court (the Alabama Municipal Insurance Corporation is contributing $1,000,000.00 and the City of Dothan is contributing $250,000.00).

B.     Upon approval of the settlement, Plaintiff's attorney's fees, and Plaintiff's litigation expenses, the Alabama Municipal Insurance Corporation and the City of Dothan shall, without awaiting resolution of the putative Medicare lien, promptly disburse the funds for the court-approved attorney's fees and litigation expenses to Plaintiff's counsel. The amount of court-approved attorney's fees and litigation expenses paid to Plaintiff's counsel shall be deducted from the total settlement amount of $1,250,000.00.

C.     The Alabama Municipal Insurance Corporation and the City of Dothan shall withhold the remainder of the settlement proceeds (the heirs' shares and Medicare's share, if any) until the validity of the putative Medicare lien has been resolved either by litigation resulting in a final court judgment with all rights of appeal exhausted, by a compromise approved by Medicare and the Plaintiff in writing, or by the Plaintiff's written instruction to pay Medicare the full amount claimed by Medicare.

D.     Plaintiff is obligated to provide defense counsel complete documentation related to the putative Medicare lien's amount and resolution. Plaintiff shall also execute any forms deemed necessary by defense counsel to enable the Alabama Municipal Insurance Corporation to verify the putative Medicare lien's amount, current status, and resolution.

E.     Once the putative Medicare lien has been finally resolved, the Alabama Municipal Insurance Corporation and the City of Dothan shall disburse Medicare's share of the settlement proceeds, if any, directly to Medicare and shall disburse the remainder of the settlement proceeds (the heirs' shares) in accordance with the Court's instructions.

F.     The Alabama Municipal Insurance Corporation will pay the *guardians ad litems*' reasonable attorney's fees. *Guardian ad litem* fees shall not be deducted from the settlement proceeds.

G.     The settlement is contingent upon court approval.

9. The Court finds that the proposed settlement is just, fair, and conservative of the minors' interests.

10. The Court agrees with the recommendation of *guardians ad litem* and Plaintiff's counsel that the minors' shares of the settlement proceeds should be placed in structured annuities as fully described in the Settlement Agreement & Release of All Claims.

11. The Court determines that Plaintiff's litigation expenses in the amount of $22,459.85 are reasonable and that Plaintiff's counsel is entitled to reimbursement of those expenses.

12. The Court has considered the affidavits and testimony submitted by Plaintiff's counsel in support of their 50% contingency fee agreement. The Court has considered previous decisions of this Court approving a 50% contingency fee. *See Burns v. City of Alexander City*, 2016 WL 3180762, NO. 3:14cv350-MHT, at *11 (M.D. Ala. June 2, 2016) (citing *Sweeney v. Athens Reg'l Med. Ctr.*, 917 F.2d 1560, 1569 (11th Cir. 1990) (approving a 50% contingency fee given the difficulty of a case); *McCall v. Reed*, 157 F. Supp. 3d 1192, 1198 (M.D. Ala. July 2, 2015) (acknowledging that a 50% contingency fee was "on the high end," but nonetheless finding it reasonable).

Accordingly, based on the foregoing, it is

**ORDERED** as follows:

1. The parties' Joint Motion for Order to Approve Settlement, (doc. 102), is GRANTED.

2. The settlement reached between the parties is hereby **APPROVED**.

3. All remaining claims are dismissed with prejudice. Adrianne Woodruff, Greg Benton, Chris Summerlin, Alan Rhodes, the City of Dothan, and all other present and former employees of the City of Dothan are discharged of all liability to Plaintiff.

4. The Court finds the heirs' share of the settlement proceeds consists solely of punitive damages and shall be distributed consistent with the Alabama Wrongful Death Act. In accordance with the Alabama Wrongful Death Act, the settlement proceeds "are not subject to the payment of the debts or liabilities of the testator or intestate." Ala. Code § 6-5-410(c).

5. The Alabama Municipal Insurance Corporation shall pay J. Farrest Taylor a fee in the amount of $3,825.00 within thirty days of this Order.

6. The Alabama Municipal Insurance Corporation shall pay Robert I. Hinson a fee in the amount of $ 3,700.00 within thirty days of this Order.

7. The Alabama Municipal Insurance Corporation and the City of Dothan shall jointly pay Plaintiff's counsel the total sum of $636,229.95, which consists of $613,770.07 for attorney's fees and $22,459.85 for reimbursement of litigation expenses, within twenty-one days of this Order. This amount shall be deducted from the settlement proceeds. The remaining balance of the settlement proceeds ($613,770.08) shall be distributed as provided in paragraph 7, below.

8. Once the validity of the putative Medicare lien has been resolved either by litigation resulting in a final court judgment with all rights of appeal exhausted, by a compromise approved by Medicare and the Plaintiff in writing, or by the Plaintiff's written instruction to pay Medicare the full amount claimed by Medicare, the Alabama Municipal

Insurance Corporation and the City of Dothan shall disburse Medicare's share of the settlement proceeds, if any, directly to Medicare and shall disburse the remaining balance of the settlement proceeds according to the following method: one-half to Crystal Lawrence; one-sixth to Pacific Life & Annuity Services, Inc. to fund a structured annuity for Z.L.; one-sixth to Pacific Life & Annuity Services, Inc. to fund a structured annuity for J.L.; and one-sixth to Pacific Life & Annuity Services, Inc. to fund a structured annuity for N.L.. Plaintiff may submit a copy of this Order to any individual or organization involved in the procurement or funding of said annuities as fully described in the Settlement Agreement & Release of All Claims.

9. Plaintiff shall provide defense counsel complete documentation related to the putative Medicare lien's amount and resolution. Plaintiff shall also execute any forms deemed necessary by defense counsel to enable the Alabama Municipal Insurance Corporation to verify the putative Medicare lien's amount, current status, and resolution. Plaintiff may submit a copy of this Order to Medicare.

10. All other costs and fees not specifically enumerated above are taxed as paid.

11. The Clerk of Court is directed to close this file.

Done this 10th day of November, 2021.

                                                   /s/ Emily C. Marks
                                           EMILY C. MARKS
                                           CHIEF UNITED STATES DISTRICT JUDGE